UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURIE MARTINDALE, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MEGASTAR FINANCIAL CORPORATION,<br><br>Defendant. | No. 2:20-cv-01983-MCE-DMC<br><br>**MEMORANDUM AND ORDER** |

Through the present action, Plaintiff Laurie Martindale ("Plaintiff") asserts both individual and class claims against Defendant MegaStar Financial Corporation ("Defendant") for violation of the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788 et seq. ("Rosenthal Act"); violation of California's Unfair Competition Law, California Business and Professions Code §§ 17200 et seq. ("UCL"); and breach of contract. First Amended Compl., ECF No. 11 ("FAC"). Presently before the Court is Defendant's Motion to Dismiss Plaintiff's FAC for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). ECF No. 14. This matter has been fully briefed. ECF Nos. 15, 16, 18. For the reasons set forth below, Defendant's Motion is GRANTED in part and DENIED in part.[1]

---

[1] Because oral argument would not be of material assistance, this matter was submitted on the briefs. E.D. Local Rule 230(g).

1

## BACKGROUND

On November 13, 2018, Plaintiff purchased a home in Anderson, California, through a loan from Defendant and secured a mortgage on the property ("Mortgage Agreement"). FAC ¶ 31; see Ex. A, ECF No. 11, at 18–32. As the lender, Defendant retained the servicing rights to the mortgage, serviced the mortgage loan, collected payments, and performed services for Plaintiff. FAC ¶ 33. According to the FAC, each time a borrower makes a mortgage payment over the phone, Defendant charges the borrower a fee of at least $2.00 ("Pay-to-Pay Fee"). Id. ¶ 35. For example, Plaintiff alleges that on October 29, 2019, Defendant charged her a $2.00 fee for making a mortgage payment over the phone. Id. ¶ 36. Defendant collects these fees even though it knows that such fees are not authorized under the Mortgage Agreement. Id. ¶ 37 (citing Ex. A, ECF No. 11 at 27 ¶ 14). The usual cost that a servicer like Defendant pays to process a mortgage payment over the phone is $0.50 or less per transaction, which means that the actual cost to Defendant to process such payments is well below the amounts charged to the borrowers and Defendant purportedly pockets the difference as profit. FAC ¶ 28.

## STANDARD

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require

detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright & Miller, supra, at 94, 95). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors

merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

### A.  Notice and Cure Provision

Paragraph 20 of the Mortgage Agreement includes a "notice and cure" provision, which obligates both the lender and borrower to notify the other party before commencing legal action and to allow that party a reasonable period of time in which to take corrective action. Ex. A, ECF No. 11, at 28 ¶ 20. In the FAC, Plaintiff alleges that she sent the requisite notice to Defendant on October 1, 2020, stating, in part, that "[i]n the event that we are unable to reach a resolution of this demand within fourteen days, [Plaintiff] intends to file a complaint for the foregoing relief against [Defendant] on behalf of herself and those similarly situated." FAC ¶ 72; see Ex. B, ECF No. 11, at 34–35. Plaintiff filed her original complaint the following day on October 2, 2020, but points out that the requisite notice was sent to Defendant more than 30 days before the filing of the FAC on December 30, 2020. Compare Ex. B, ECF No. 11, at 34, with ECF Nos. 1, 11. In any event, Plaintiff alleges that Defendant failed to respond to the notice or address the allegations contained therein. FAC ¶ 72. Defendant argues that Plaintiff should have sent the notice and provided an opportunity to cure in advance of the filing of the original complaint, not the FAC, and thus Defendant was not given any reasonable period to take corrective action prior to this lawsuit. Mot. Dismiss, ECF No. 14, at 6–7.

When a complaint fails to contain any allegations that the plaintiff complied with a notice and cure provision, courts, including this one, have afforded plaintiffs an opportunity to allege compliance and send the requisite notice with an opportunity to cure before filing an amended complaint. See Contreras v. Nationstar Mortgage LLC, No. 2:16-cv-00302-MCE-EFB, 2017 WL 3438769, at *4–5 (E.D. Cal. Aug. 10, 2017) (granting leave to amend to allow plaintiffs to provide defendant notice and an opportunity to cure); see also Jackson v. Atlantic Savings of Am., No. C 13-05755 CW, 2014 WL 4802879, at *6 (N.D. Cal. Sept. 26, 2014) ("If Plaintiff wishes to pursue this claim in any amended complaint, she must first give Defendants notice of her claims within seven days of the date of this order.  Defendants will then have twenty-one days to cure before these claims can be re-filed."). Because Defendant received the requisite notice and was given an opportunity to cure before the filing of the FAC, the Court will not dismiss the FAC for failure to comply with the notice and cure provision.

### B.   Count I: Violation of the Rosenthal Act

The purpose of the Rosenthal Act is "to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts." Cal. Civ. Code § 1788.1(b).  To achieve this end, the Rosenthal Act "prohibits a host of unfair and oppressive methods of collecting debt, but to be liable . . . a defendant must fall under its definition of 'debt collector.'"[2] Izenberg v. ETS Servs., LLC, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008).

Under the Rosenthal Act, "every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code." Cal. Civ. Code § 1788.17.  By expressly incorporating the standard under the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), in defining liability for the same conduct under state law, the scope of both statutory

---

[2] There is no apparent dispute as to whether Defendant meets the definition of a "debt collector."

5

1  schemes appears coextensive and the same analysis in assessing liability under the
2  FDCPA also applies to the Rosenthal Act. See Joseph v. J.J. Mac Intyre Cos., L.L.C.,
3  238 F. Supp. 2d 1158, 1168 (N.D. Cal. 2002).

4  Here, Plaintiff alleges that the Pay-to-Pay Fees were not expressly set out in her
5  Mortgage Agreement or the mortgage agreements of the other class members, nor were
6  they permitted by law, but Defendant nonetheless collected these fees. FAC ¶¶ 60, 65,
7  67, 68. Plaintiff asserts that Defendant violated 28 U.S.C. § 1692f, which provides, in
8  relevant part, the following:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. § 1692f(1).

First, Defendant argues that the Pay-to-Pay Fees are not incidental to the principal obligation, but instead they are "fee[s] charged by the loan servicer for providing an optional service the borrower voluntarily chooses to take advantage of." Mot. Dismiss, ECF No. 14, at 8. Defendant relies on Flores v. Collection Consultants of California, which concluded that a similar $5.00 convenience fee[3] was not incidental to the principal obligation because the fee was voluntary and optional, and the defendant offered alternative payment methods. Case No. SA CV 14-0071-DOC (RNBx), 2015 WL 4254032, at *8–10 (C.D. Cal. Mar. 20, 2015). While Flores is seemingly on point, there is one distinguishable fact. The defendant in that case asserted that "the $5 fee does not even actually cover the cost of processing a credit card transaction, which is in fact higher than $5." Id. at *8. As a result, the court determined that "the transaction fee at issue was permissible where there were other payment options and the charge did not

---

[3] "Pay-to-Pay fees have also been referred to as 'convenience' or 'transaction' fees." Langston v. Gateway Mortg. Grp., LLC, No. 5:20-cv-01902-VAP-KKx, 2021 WL 234358, at *3 n.1 (C.D. Cal. Jan. 15, 2021).

6

inure benefits to the collector." Id. at *9 (citing Shami v. Nat'l Enter. Sys., No. 09-CV-722 (RRM)(VVP), 2010 WL 3824151, at *1 (E.D.N.Y. Sept. 23, 2010)) (emphasis added). Here, on the other hand, Plaintiff alleges that "[t]he usual cost that a servicer like [Defendant] pays to process Pay-to-Pay Transactions is $0.50 or less per transaction. Thus, the actual cost to [Defendant] to process the Pay-to-Pay Transactions is well below the amounts charged to borrowers, and [Defendant] pockets the difference as profit." FAC ¶ 28; see McWhorter v. Ocwen Loan Servicing, LLC, No. 2:15-cv-01831-MHH, 2017 WL 3315375, at *7 (N.D. Ala. Aug. 3, 2017) (distinguishing Flores and finding "no controlling case law holding that an additional fee does not violate the FDCPA when, as here, the underlying contract does not authorize the fee and the debt collector receives all or some of the fee."); Lindblom v. Santander Consumer USA, Inc., No. 1:15-cv-990-LJO-BAM, 2016 WL 2841495, at *7 (E.D. Cal. May 9, 2016) (stating that "if it turns out [the defendant] did not collect any portion of the [pay-to-pay] fee, [the plaintiff's] § 1692f(1) claim fails.").

Second, Defendant argues that "by choosing to make a payment by telephone, Plaintiff effectively entered into a new agreement with [Defendant] whereby she was permitted to pay by telephone, with all of the ease and immediacy that method of payment offered, in return for a simultaneous payment of $2.00." Mot. Dismiss, ECF No. 14, at 8–9 (citing Lish v. Amerihome Mortg. Co., LLC, No. 2:20-07147-JFW-JPRx, 2020 WL 6688597, at *3 (C.D. Cal. Nov. 10, 2020)). This argument is unpersuasive because, "[w]hile the Ninth Circuit has yet to determine whether an optional convenience fee is permissible under the FDCPA, the majority of district courts in the Ninth Circuit have held that similar fees violate the FDCPA." Simmet v. Collection Consultants of Cal., No. CV 16-02273-BRO (PLAx), 2016 WL 11002359, at *5 (C.D. Cal. July 7, 2016). "Whether a fee is 'incidental to the principal obligation' is not dispositive. . . . The only inquiry under § 1692f(1) is whether the amount collected was expressly authorized by the agreement creating the debt or permitted by law." Lindblom, 2016 WL 2841495, at *6 (citation and internal quotation marks omitted); see 28 U.S.C. § 1692f(1). Defendant

7

does not assert that the Pay-to-Pay Fees were authorized by the Mortgage Agreement, but instead contends that "[t]here is no law that prohibits this $2.00 fee for this optional service." Mot. Dismiss, ECF No. 14, at 8. However, the question is whether such a fee is "'permitted by law'—that is, by some state or federal statute or regulation." Lembeck v. Arvest Cent. Mortg. Co., 498 F. Supp. 3d 1134, 1137 (N.D. Cal. 2020). Defendant has not identified, nor has the Court found, any law permitting Pay-to-Pay Fees.  See Torliatt v. Ocwen Loan Servicing, LLC, No. 19-cv-04303-WHO, 2020 WL 1904596, at *3 (N.D. Cal. Apr. 17, 2020) ("Courts have found that, in the context of Section 1692f(1), a defendant must point to a provision of state law that permits such fees."). Therefore, the Court finds that, at this stage in the litigation, Plaintiff has adequately pleaded a claim under § 1692(f)(1). See id. at *2 (stating most courts in the Ninth Circuit have "found that similar convenience fees violate the FDCPA, at least as a matter of pleading.").

"[M]any courts have found that the convenience fees as alleged here adequately state cause of action under the Rosenthal Act where they state claims under the FDCPA." Id. at *5 (citing Simmet, 2016 WL 11002359, at *7; Lindblom, 2016 WL 2841495, at *7). Accordingly, Plaintiff has sufficiently stated a cause of action under the Rosenthal Act and Defendant's Motion to Dismiss Count I is DENIED.

### C. Count II: Violation of UCL

The UCL prohibits "unfair competition," which is defined, in relevant part, to include "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "Because the statute is written in the disjunctive, it is violated where a defendant's act or practice violates any of the foregoing prongs." Davis v. HSBC Bank Nev., N.A., 691 F.3d 1152, 1168 (9th Cir. 2012); see also Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999) ("In other words, a practice is prohibited as 'unfair' or 'deceptive' even if not 'unlawful' and vice versa.") (citation omitted)). "A claim that sufficiently pleads any one of these prongs survives a motion to dismiss." MacDonald v. Ford Motor Co., 37 F. Supp. 3d 1087, 1097 (N.D. Cal. 2014)

(citation omitted). To demonstrate a claim under the UCL, a plaintiff "must allege that she has suffered (1) economic injury (2) as a result of the alleged unfair business practice." Svenson v. Google Inc., 65 F. Supp. 3d 717, 730 (N.D. Cal. 2014).

Here, Count II of the FAC alleges that Defendant engaged in unlawful business practices.[4] In proscribing "unlawful business practices, section 17200 'borrows' violations of other laws and treats them as unlawful practices that [section 17200] makes independently actionable." Durrell v. Sharp Healthcare, 108 Cal. App. 4th 1350, 1361 (2010). Thus, "unlawful" practices are practices "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulation, or court-made." Saunders v. Superior Ct., 27 Cal. App. 4th 832, 838–39 (1994) (citing People v. McKale, 25 Cal. 3d 626, 632 (1979)). To state a cause of action based on an "unlawful" business act or practice under the UCL, a plaintiff must allege facts sufficient to show a violation of some underlying law. McKale, 25 Cal. 3d at 635.

Plaintiff's claim under the unlawful prong of the UCL is premised on her Rosenthal Act and FDCPA claim. FAC ¶ 77. Because the Court finds that Plaintiff has sufficiently stated such claims, Defendant's Motion to Dismiss Count II as to the unlawful UCL prong is DENIED as well.

### D. Count III: Breach of Contract

Under California law, "[a] contract is either express or implied." Retired Emps. Ass'n of Orange Cnty., Inc. v. Cnty. of Orange, 52 Cal. 4th 1171, 1178 (2011). The elements of a breach of contract are: (1) the existence of the contract; (2) performance by the plaintiff or excuse for nonperformance; (3) breach by the defendant; and (4) damages. First Com. Mortg. Co. v. Reece, 89 Cal. App. 4th 731, 745 (2001).

Here, the Mortgage Agreement provides that "Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law." Ex. A, ECF

---

[4] Count II of the FAC also alleges a UCL claim under the unfair prong, but, in her Opposition brief, Plaintiff does not address Defendant's argument that Plaintiff fails to state a claim under said prong. See Pl.'s Opp'n Mot. Dismiss, ECF No. 15, at 18–19. As a result, Plaintiff is deemed to have conceded this argument and thus, Defendant's Motion to Dismiss Count II as to the unfair UCL prong is GRANTED. See Walsh v. Nev. Dep't of Human Res., 471 F.3d 1033, 1037 (9th Cir. 2006).

1  No. 11, at 27 ¶ 14 (emphasis added).  Defendant argues that the Mortgage Agreement
2  itself does not expressly prohibit Pay-to-Pay Fees, Mot. Dismiss, ECF No. 14, at 12, but
3  Plaintiff counters that such fees are expressly prohibited by applicable law, which is
4  defined in the Mortgage Agreement as "all controlling applicable federal, state and local
5  statutes, regulations, ordinances and administrative rules and orders (that have the
6  effect of law) as well as all applicable final, non-appealable judicial opinions."[5]  Pl.'s
7  Opp'n Mot. Dismiss, ECF No. 15, at 19; Ex. A, FAC, ECF No. 11, at 19.

8  "Plaintiff must allege that there has been an <u>express</u> violation of an applicable law
9  in order to state a cause of action for breach of contract."  Lish, 2020 WL 6688597, at *7
10 (citing Torliatt, 2020 WL 1904596, at *5) (emphasis in original).  In this case, Plaintiff
11 claims that Defendant violated California Civil Code § 1788.14(b), which prohibits a debt
12 collector from "[c]ollecting or attempting to collect from the debtor the whole or any part
13 of the debt collector's fee or charge for services rendered, or other expense incurred by
14 the debt collector in the collection of the consumer debt, except as permitted by law."
15 FAC ¶ 105; Cal. Civ. Code § 1788.14(b).  "Because [Defendant's] convenience fee is a
16 charge for providing . . . phone-based collection services, and is not expressly
17 authorized by some state or federal statute or regulation, Plaintiff's Rosenthal Act claim
18 based on section 1788.14(b) is sufficiently pled."  DiFlauro v. Bank of Am., N.A.,
19 No. CV 20-5692 DSF (SKx), 2020 WL 10111966, at *5 (C.D. Cal. Dec. 2, 2020).
20 "Similarly, because the collection of such a fee is 'expressly prohibited' by § 1788.14(b),
21 it necessarily violates the provision in the [Mortgage Agreement] prohibiting the lender
22 from charging 'fees that are expressly prohibited . . . by Applicable Law."  Lembeck,
23 498 F. Supp. 3d at 1137.  Accordingly, at this stage in the litigation, Plaintiff has alleged
24 an express violation of applicable law and Defendant's Motion to Dismiss Count III is
25 thus DENIED.
26 ///

---

[5] The Mortgage Agreement further defines the governing law as "federal law and the law of the jurisdiction in which the Property is located," i.e., California.  Ex. A, ECF No. 11, at 27 ¶ 16; <u>see also</u> Pl.'s Opp'n Mot. Dismiss, ECF No. 15, at 19.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's FAC, ECF No. 14, is GRANTED in part and DENIED in part. Defendant's Motion to Dismiss Counts I and III is DENIED. Defendant's Motion to Dismiss Count II is GRANTED with leave to amend as to Plaintiff's claim for "unfair" business practices but DENIED as to Plaintiff's claim for "unlawful" business practices. Not later than twenty (20) days following the date this Memorandum and Order is electronically filed, Plaintiff may (but is not required to) file an amended complaint. If no amended complaint is timely filed, the causes of actions dismissed by virtue of this Memorandum and Order will be dismissed with prejudice without further notice to the parties.

IT IS SO ORDERED.

Dated: November 15, 2021

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE