1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11  LAURIE MARTINDALE, on behalf of          No.  2:20-cv-01983-MCE-DMC
    herself and all others similarly situated,
12
            Plaintiff,
13
                                             **MEMORANDUM AND ORDER**
        v.
14
    MEGASTAR FINANCIAL
15  CORPORATION,

16          Defendant.

17

18        Through the present action, Plaintiff Laurie Martindale ("Plaintiff") asserts both

19  individual and class claims against Defendant MegaStar Financial Corporation

20  ("Defendant") for violation of the Rosenthal Fair Debt Collection Practices Act, California

21  Civil Code §§ 1788 et seq. ("Rosenthal Act"); violation of California's Unfair Competition

22  Law, California Business and Professions Code §§ 17200 et seq. ("UCL"); and breach of

23  contract.  First Amended Compl., ECF No. 11 ("FAC").  Presently before the Court is

24  Defendant's Motion to Dismiss Plaintiff's FAC for Lack of Subject Matter Jurisdiction

25  under Federal Rule of Civil Procedure 12(b)(1).[1]  ECF No. 23 ("Def.'s Mot.").  This matter

26  ///

27  ///

28
    _____
        [1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

1

1   has been fully briefed.  ECF Nos. 27 ("Pl.'s Opp'n"), 28 ("Def.'s Reply").  For the reasons
2   set forth below, Defendant's Motion is DENIED.[2]

3

4                                        **BACKGROUND**

5

6       **A.     Factual Background**

7            On November 13, 2018, Plaintiff purchased a home in Anderson, California,
8   through a loan from Defendant and secured a mortgage on the property ("Mortgage
9   Agreement").  FAC ¶ 31; see Ex. A, ECF No. 11, at 18–32.  As the lender, Defendant
10  retained the servicing rights to the mortgage, serviced the mortgage loan, collected
11  payments, and performed services for Plaintiff.  FAC ¶ 33.  According to the FAC, each
12  time a borrower makes a mortgage payment over the phone, Defendant charges the
13  borrower a fee of at least $2.00 ("Pay-to-Pay Fee").  Id. ¶ 35.  For example, Plaintiff
14  alleges that on October 29, 2019, Defendant charged her a $2.00 fee for making a
15  mortgage payment over the phone.  Id. ¶ 36.  Defendant collects these fees even though
16  it knows that such fees are not authorized under the Mortgage Agreement.  Id. ¶ 37
17  (citing Ex. A, ECF No. 11, at 27 ¶ 14).  The usual cost that a servicer like Defendant
18  pays to process a mortgage payment over the phone is $0.50 or less per transaction,
19  which means that the actual cost to Defendant to process such payments is well below
20  the amounts charged to the borrowers and Defendant purportedly retains the difference
21  as profit.  FAC ¶ 28.

22      **B.     Procedural History**

23           On October 2, 2020, Plaintiff filed her original Complaint in this Court, which
24  premised subject matter jurisdiction under the Class Action Fairness Act ("CAFA").  ECF
25  No. 1 ¶ 9.  Defendant subsequently moved to dismiss the Complaint under
26  Rule 12(b)(6).  ECF No. 9.  In response, Plaintiff filed the operative FAC, and

27  _____
28           [2] Because oral argument would not have been of material assistance, this matter was submitted
    on the briefs.  E.D. Local Rule 230(g).

1   Defendant's motion was denied as moot.  ECF Nos. 11, 13.  Defendant again moved to

2   dismiss Plaintiff's FAC under Rule 12(b)(6).  ECF No. 14.  On November 16, 2021, the

3   Court granted Defendant's motion to dismiss Count II with leave to amend as to

4   Plaintiff's claim for "unfair" business practices but otherwise denied the motion.  See

5   ECF No. 19.  Plaintiff was given twenty (20) days to file a second amended complaint

6   but elected not to do so.  Defendant subsequently filed an Answer before filing the

7   present Motion.  ECF No. 22.

8

9                                      **STANDARD**

10

11          Federal courts are courts of limited jurisdiction, and are presumptively without

12   jurisdiction over civil actions.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375,

13   377 (1994).  The burden of establishing the contrary rests upon the party asserting

14   jurisdiction.  Id.  Because subject matter jurisdiction involves a court's power to hear a

15   case, it can never be forfeited or waived.  United States v. Cotton, 535 U.S. 625, 630

16   (2002).  Accordingly, lack of subject matter jurisdiction may be raised by either party at

17   any point during the litigation, through a motion to dismiss pursuant to Rule 12(b)(1).

18   Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006); see also Int'l Union of Operating

19   Eng'rs v. Cnty. of Plumas, 559 F.3d 1041, 1043–44 (9th Cir. 2009).  Lack of subject

20   matter jurisdiction may also be raised by the district court sua sponte.  Ruhrgas AG v.

21   Marathon Oil Co., 526 U.S. 574, 583 (1999).  Indeed, "courts have an independent

22   obligation to determine whether subject matter jurisdiction exists, even in the absence of

23   a challenge from any party."  Id. at 514; see Fed. R. Civ. P. 12(h)(3) (requiring the court

24   to dismiss the action if subject matter jurisdiction is lacking).

25          There are two types of motions to dismiss for lack of subject matter jurisdiction:  a

26   facial attack, and a factual attack.  Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.,

27   594 F.2d 730, 733 (9th Cir. 1979).  Thus, a party may either make an attack on the

28   allegations of jurisdiction contained in the nonmoving party's complaint, or may

                                            3

1    challenge the existence of subject matter jurisdiction in fact, despite the formal

2    sufficiency of the pleadings.  Id.

3        When a party makes a facial attack on a complaint, the attack is unaccompanied

4    by supporting evidence, and it challenges jurisdiction based solely on the pleadings.

5    Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  If the motion to

6    dismiss constitutes a facial attack, the Court must consider the factual allegations of the

7    complaint to be true, and determine whether they establish subject matter jurisdiction.

8    Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n.1 (9th Cir.

9    2003).  In the case of a facial attack, the motion to dismiss is granted only if the

10   nonmoving party fails to allege an element necessary for subject matter jurisdiction.  Id.

11   However, in the case of a factual attack, district courts "may review evidence beyond the

12   complaint without converting the motion to dismiss into a motion for summary judgment."

13   Safe Air for Everyone, 373 F.3d at 1039.

14       In the case of a factual attack, "no presumptive truthfulness attaches to plaintiff's

15   allegations."  Thornhill, 594 F.2d at 733 (internal citation omitted).  The party opposing

16   the motion has the burden of proving that subject matter jurisdiction does exist, and must

17   present any necessary evidence to satisfy this burden.  St. Clair v. City of Chico,

18   880 F.2d 199, 201 (9th Cir. 1989).  If the plaintiff's allegations of jurisdictional facts are

19   challenged by the adversary in the appropriate manner, the plaintiff cannot rest on the

20   mere assertion that factual issues may exist.  Trentacosta v. Frontier Pac. Aircraft Ind.,

21   Inc., 813 F.2d 1553, 1558 (9th Cir. 1987) (quoting Exch. Nat'l Bank of Chi. v. Touche

22   Ross & Co., 544 F.2d 1126, 1131 (2d Cir. 1976)).  Furthermore, the district court may

23   review any evidence necessary, including affidavits and testimony, in order to determine

24   whether subject matter jurisdiction exists.  McCarthy v. United States, 850 F.2d 558, 560

25   (9th Cir. 1988); Thornhill, 594 F.2d at 733.  If the nonmoving party fails to meet its

26   burden and the court determines that it lacks subject matter jurisdiction, the court must

27   dismiss the action.  Fed. R. Civ. P. 12(h)(3).

28   ///

4

1    A court granting a motion to dismiss a complaint must then decide whether to

2    grant leave to amend.  Leave to amend should be "freely given" where there is no

3    "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice

4    to the opposing party by virtue of allowance of the amendment, [or] futility of [the]

5    amendment . . . ."  Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v.

6    Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to

7    be considered when deciding whether to grant leave to amend).  Not all of these factors

8    merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . .

9    carries the greatest weight."  Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183,

10   185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that

11   "the complaint could not be saved by any amendment."  Intri-Plex Techs., Inc. v. Crest

12   Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d

13   1006, 1013 (9th Cir. 2005)); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160

14   (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . .

15   constitutes an exercise in futility . . . .")).

16

17                                   **ANALYSIS**[3]

18

19         Under CAFA, federal district courts have original jurisdiction in any civil action

20   where:  (1) the proposed class has more than 100 members; (2) the parties are

21   minimally diverse; and (3) the amount in controversy in the aggregate exceeds the sum

22   or value of $5,000,000.00.[4]  28 U.S.C. § 1332(d)(2); see also Ibarra v. Manheim Invs.,

23   Inc., 775 F.3d 1193, 1195 (9th Cir. 2015).  The only question for this Court to resolve

24   ───────────────

25   [3] Plaintiff's Opposition was due on March 24, 2022, but it was not filed until March 25.  The Court
     recognizes that Defendant had one less extra day to file a Reply brief.  Def.'s Reply at 2 n.1.  However,
26   Defendant does not assert that it was unable to file an adequate brief.  Given that it was only one day late,
     the Court will consider Plaintiff's Opposition.

27   [4] The proposed class is defined as follows:  "All persons (1) with a residential mortgage loan
     securing a property in California, (2) serviced or subserviced by [Defendant], (3) and who paid a fee to
28   [Defendant] for making a loan payment by telephone, IVR, at an ATM, or the internet, during the applicable
     statutes of limitations through the date a class is certified."  FAC ¶ 47.

                                          5

1    with the instant Motion is whether the amount in controversy in this action exceeds

2    $5,000,000.  See Def.'s Mot. at 3.

3        Defendant argues that the total amount of convenience fees and attorneys' fees

4    cannot satisfy the requisite amount in controversy.  See Def.'s Mot. at 5.  In support,

5    Defendant provides a declaration from Scott Pieper, which states that "the total amount

6    of convenience fees collected from October 2, 2016 to the present date, from borrowers

7    with residential mortgage loans serviced or subserviced by [Defendant] and secured by

8    real property located in California, is $1,524."  Pieper Decl., ECF No. 24 ¶¶ 5–6 (stating

9    "Plaintiff was assessed a single convenience fee" in the amount of $2.00 on October 29,

10   2019).  The problem with Pieper's declaration, however, is that, instead of listing a job

11   title, position, or any specific relationship to Defendant, it simply states that Pieper is

12   "authorized to execute this declaration on behalf of [Defendant]," that he is "over the age

13   of eighteen (18) and all statements herein are based on [his] personal knowledge and/or

14   [his] review of [Defendant's] records."  Id. ¶ 1; see also Pl.'s Opp'n at 2.

15       In opposition, Plaintiff only requests that she be permitted to conduct jurisdictional

16   discovery to verify the amount in controversy.  Pl.'s Opp'n at 5.  "District courts have a

17   'significant amount of leeway' in deciding whether to grant plaintiffs leave to conduct

18   jurisdictional discovery while a motion to dismiss is pending."  Barantsevich v. VTB Bank,

19   954 F. Supp. 2d 972, 996 (C.D. Cal. 2013) (citations omitted).  "The Ninth Circuit has

20   adopted a liberal standard with respect to the granting of jurisdictional discovery,

21   however, noting that it should ordinarily be granted where pertinent facts bearing on the

22   question of jurisdiction are controverted or where a more satisfactory showing of the

23   facts is necessary."  Id. (citing Butcher's Union Local No. 498 v. SDC Investment, Inc.,

24   788 F.2d 535, 540 (9th Cir. 1986)) (internal quotation marks omitted).  However,

25   jurisdictional discovery may not be allowed if the request amounts to a "fishing

26   expedition."  Barantsevich, 954 F. Supp. 2d at 996 (citations omitted).  A district court's

27   decision to permit or deny jurisdictional discovery "will not be reversed except 'upon the

28   ///

                                        6

1   clearest showing that denial of discovery results in actual and substantial prejudice to

2   the complaining litigant.'" Butcher's Union, 788 F.2d at 540 (citation omitted).

3           Plaintiff seeks jurisdictional discovery on grounds that "it strains credulity that the

4   amount of 'convenience fees' collected by [Defendant] from October 2, 2016 to the

5   present date (February 18, 2022) is truly $1,524." Pl.'s Opp'n at 2.  According to

6   Plaintiff, "[i]f this were true then this information should have been presented to the Court

7   and to opposing counsel sooner and Plaintiff should have been provided, at the least,

8   discovery sufficient to verify."[5] Id. at 2–3 (noting Defendant previously filed a motion to

9   dismiss on other grounds).  Furthermore, Plaintiff argues that "Mr. Pieper's declaration

10  fails to definitively define what he (or [Defendant]) mean by 'convenience fees[.]'" Id.

11  at 3.  If granted the opportunity to conduct jurisdictional discovery, Plaintiff asserts she

12  will "propound limited and targeted written discovery as well as to question Mr. Pieper

13  under oath as to the representations made in his declaration." Id. at 6.  Specifically,

14  Plaintiff seeks, in part, to question Pieper about "the terms used and the searches

15  performed to obtain the amount [Defendant] represents it collected," and investigate

16  whether Defendant "directly collected the Pay-to-Pay Fees or is indirectly benefitting

17  from a subsidiary, related entity or third-party vendor collecting such fees on its behalf

18  and remitting a portion thereof to [Defendant]." Id. at 6–7.

19          Defendant argues that Plaintiff's request for jurisdictional discovery is untimely,

20  claiming that in the 18 months since this action was filed, Plaintiff "has not attempted to

21  conduct any discovery to date." See Def.'s Reply at 4–5 (stating Plaintiff has not

22  attempted to meet and confer with Defendant about possible discovery disputes).

23  However, the Initial Pretrial Scheduling Order issued by this Court states that all non-

24  expert discovery "shall be completed no later than three hundred sixty-five days from the

25  date upon which the last answer may be filed with the Court pursuant to the Federal

26

27              [5] To the extent Plaintiff takes issue with Defendant raising a lack of subject matter jurisdiction at
    this juncture, such an argument may be raised by either party at any point during the litigation. See
28  Arbaugh, 546 U.S. at 506; see also Cotton, 535 U.S. at 630 (stating that, because subject matter
    jurisdiction involves a court's power to hear a case, it can never be forfeited or waived).

Rules of Civil Procedure." ECF No. 3, at 2; <u>see also</u> ECF No. 22 (Defendant's Answer filed January 14, 2022). Because the deadline for non-expert discovery has not yet expired, there is still ample time to conduct discovery in this case.

In any event, "the threshold for granting jurisdictional discovery is low." <u>Spearman v. I Play, Inc.</u>, No. 2:17-cv-01563-TLN-KJN, 2018 WL 3770052, at *3 (E.D. Cal. Aug. 8, 2018). Plaintiff has explicitly stated what jurisdictional discovery she seeks and "the material facts of whether the minimum amount in controversy is met here are controverted and largely in the sole possession of the Defendant . . ." <u>Id.</u> Accordingly, the Court finds that limited jurisdictional discovery, as defined in Plaintiff's Opposition, is appropriate.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's FAC for Lack of Subject Matter Jurisdiction, ECF No. 23, is DENIED without prejudice, subject to limited jurisdictional discovery. Within seven (7) days from the date this Memorandum and Order is electronically filed, Plaintiff shall propound written discovery as set forth in her Opposition. Within fourteen (14) days of Defendant's production of documents and other information in response to Plaintiff's jurisdictional discovery requests, Plaintiff shall take Scott Pieper's deposition. Within twenty-eight (28) days of said deposition, Plaintiff shall file a supplemental opposition to the Motion to Dismiss. Defendant may file a supplemental reply not later than fourteen (14) days after the filing of the supplemental opposition.

IT IS SO ORDERED.

Dated: April 14, 2022

MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE